UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

---

DANIEL LIBIT,

                Plaintiff,

-against-

UNITED STATES MILITARY ACADEMY and
ARMY WEST POINT ATHLETIC ASSOCIATION,

                Defendant.

7:23-cv-00845

**DEFENDANT'S ANSWER TO COMPLAINT AND AFFIRMATIVE DEFENSES**

---

Defendant, Army West Point Athletic Association ("AWPAA"), by its undersigned counsel, answers Plaintiff, Daniel Libit's Complaint as follows:

## INTRODUCTION

1. AWPAA admits the allegations in Paragraph 1 of the Complaint that the Plaintiff seeks relief under the Freedom of Information Act, and the Defendants are the United States Military Academy and Army West Point Athletic Association. AWPAA denies the remaining allegations of Paragraph 1.

2. AWPAA admits the allegations in Paragraph 2 of the Complaint that pertain to AWPAA only. AWPAA is without knowledge or information sufficient to form a belief about the truth of the remaining allegations of Paragraph 2.

3. AWPAA admits the allegations in Paragraph 3 of the Complaint that it is a non-profit entity and that it was created in 2015. AWPAA denies the remaining allegations in Paragraph 3.

4. AWPAA is without knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 4.

5. AWPAA is without knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 5.

6. AWPAA is without knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 6.

7. AWPAA is without knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 7.

8. AWPAA denies the allegations in Paragraph 8 of the Complaint.

9. AWPAA denies the allegations in Paragraph 9 of the Complaint.

10. AWPAA is without knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 10 which pertain to Plaintiff's reasons for bringing this action. AWPAA denies the remaining allegations of Paragraph 10.

## JURISDICTION AND VENUE

11. AWPAA admits the allegations in Paragraph 11 of the Complaint.

12. AWPAA admits the allegations in Paragraph 12 of the Complaint.

## PARTIES

13. AWPAA is without knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 13.

14. AWPAA is without knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 14.

15. AWPAA admits the allegation in Paragraph 15 of the Complaint that it is a tax exempt 501(c)(3) corporation. AWPAA denies the remaining allegations of Paragraph 15.

## FACTUAL AND LEGAL BACKGROUND

16. AWPAA is without knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 16.

17. AWPAA is without knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 17.

18. AWPAA is without knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 18.

19. AWPAA is without knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 19.

20. AWPAA is without knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 20.

21. AWPAA is without knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 21.

22. AWPAA is without knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 22.

23. AWPAA is without knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 23.

24. AWPAA is without knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 24.

25. AWPAA is without knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 25.

26. AWPAA admits the allegations of Paragraph 26 that it was incorporated as a not-for-profit corporation under New York law in October 2015 by three West Point alumni, who

became AWPAA's initial directors.  AWPAA is without knowledge or information sufficient to form a belief about the truth of the remaining allegations of Paragraph 26.

27. AWPAA denies the allegations in Paragraph 27 of the Complaint.

28. AWPAA is without knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 28.

29. AWPAA is without knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 29.

30. AWPAA denies the allegations in Paragraph 30 of the Complaint.

31. AWPAA admits the allegations in Paragraph 31 of the Complaint.

32. AWPAA denies the allegations in Paragraph 32 of the Complaint.

33. AWPAA admits the allegations in Paragraph 33 of the Complaint.

34. AWPAA admits the allegations in Paragraph 34 of the Complaint.

35. AWPAA admits the allegations in Paragraph 35 of the Complaint.

36. AWPAA admits the allegations in Paragraph 36 that the 2017 announcement references AWPAA's ability, pursuant to the cooperative agreement, to manage personnel and oversee athletic facilities. AWPAA further admits the allegations in Paragraph 36 that the 2017 announcement states the terms of the cooperative agreement ensure compliance with auditing and accountability requirements, academy standards and mission, and would appear transparent to most. AWPAA denies the remaining allegations in Paragraph 36.

37. AWPAA admits the allegation in Paragraph 37 that Athletic Director, Mike Buddie, also served as President and CEO of AWPAA.  AWPAA is without knowledge or information sufficient to form a belief about the truth of the remaining allegations of Paragraph 37.

38. AWPAA admits the allegations in Paragraph 38 of the Complaint.

39. AWPAA admits the allegation in Paragraph 39 that AWPAA filed Form 990 disclosures with the IRS during the first two years of operation. AWPAA is without knowledge or information sufficient to form a belief about the truth of the remaining allegations of Paragraph 39.

40. AWPAA admits the allegation in Paragraph 40 of the Complaint that it requested an exemption from filing a Form 990 available to "governmental units" and "affiliates of governmental units." AWPAA further admits the Internal Revenue Service, through its procedures and regulations, defines these terms, in part, to include entities that are "operated, supervised, or controlled by" governmental units, created by a governmental unit, and financially accountable to a governmental unit. AWPAA denies the remaining allegations in Paragraph 40.

41. AWPAA admits the allegation in Paragraph 41 that it filed an amendment document with the State of New York in 2018 identifying itself as a "government agency, controlled by a government agency, the U.S. Congress or New York State Legislature." AWPAA denies the remaining allegations in Paragraph 41.

42. AWPAA admits the allegations in Paragraph 42 of the Complaint.

43. AWPAA admits the allegations in Paragraph 43 of the Complaint.

44. AWPAA is without knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 44.

45. AWPAA is without knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 45.

46. AWPAA denies the allegations in Paragraph 46 of the Complaint.

47. AWPAA denies the allegations in Paragraph 47 of the Complaint.

48. AWPAA admits the allegation in Paragraph 48 that the referenced USA Today article contains a quote from U.S. Army Secretary John McHugh, which appears to be restated identically in the Complaint, and that McHugh co-sponsored certain enabling legislation while in Congress. AWPAA is without knowledge or information sufficient to form a belief about the truth of the allegation, "This came as a surprise to many." AWPAA denies the remaining allegations in Paragraph 48.

49. AWPAA is without knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 49.

50. AWPAA is without knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 50.

51. AWPAA is without knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 51.

52. AWPAA is without knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 52.

53. AWPAA is without knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 53.

54. AWPAA is without knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 54.

55. AWPAA admits the allegations in Paragraph 55 of the Complaint.

56. AWPAA admits the allegations in Paragraph 56 of the Complaint.

57. AWPAA is without knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 57 regarding Defendant West Point's administrative appeals

procedure for denials of FOIA requests and Plaintiff and Sportico's compliance or noncompliance therewith. AWPAA denies the remaining allegations in Paragraph 57.

58. AWPAA is without knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 58.

59. AWPAA is without knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 59.

60. AWPAA admits the allegation in Paragraph 60 that it has not responded to an administrative appeal initiated by Plaintiff and Sportico. AWPAA is without knowledge or information sufficient to form a belief about the truth of the remaining allegations of Paragraph 60.

61. AWPAA admits the allegations in Paragraph 61 of the Complaint.

62. AWPAA is without knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 62.

63. AWPAA admits the allegation in Paragraph 63 that Plaintiff reached out to AWPAA to request records prior to August 1, 2022. AWPAA is without knowledge or information sufficient to form a belief about the truth of the remaining allegations of Paragraph 63.

64. AWPAA admits the allegations in Paragraph 64 of the Complaint.

65. AWPAA is without knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 65.

66. AWPAA is without knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 66.

67. AWPAA denies the allegation in Paragraph 67 that is has an administrative appeals process for denials of FOIA requests. AWPAA is without knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 67 regarding Defendant West Point's administrative appeals procedure for denials of FOIA requests and Plaintiff's compliance or noncompliance therewith. AWPAA denies the remaining allegations in Paragraph 67.

68. AWPAA admits the allegation in Paragraph 68 that Plaintiff made contentions as restated in the Complaint. AWPAA denies the remaining allegations in Paragraph 68.

69. AWPAA admits the allegation in Paragraph 69 that it has not responded to an administrative appeal initiated by Plaintiff. AWPAA is without knowledge or information sufficient to form a belief about the truth of the remaining allegations of Paragraph 69.

70. AWPAA is without knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 70.

71. AWPAA admits the allegations in Paragraph 71 of the Complaint.

72. AWPAA admits the allegations in Paragraph 72 of the Complaint.

73. AWPAA denies the allegation in Paragraph 73 that is has an administrative appeals process for denials of FOIA requests. AWPAA is without knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 67 regarding Defendant West Point's administrative appeals procedure for denials of FOIA requests and Plaintiff's compliance or noncompliance therewith. AWPAA denies the remaining allegations in Paragraph 73.

74. AWPAA admits the allegations in Paragraph 74 of the Complaint.

75. AWPAA admits the allegation in Paragraph 75 that it has not responded to an administrative appeal initiated by Plaintiff. AWPAA is without knowledge or information sufficient to form a belief about the truth of the remaining allegations of Paragraph 75.

76. AWPAA is without knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 76.

## CLAIM FOR RELIEF
(Violation of FOIA; Failure to Produce Agency Records)

77. AWPAA repeats, realleges, and reincorporates its responses to the allegations in Paragraphs 1 thorough 76 of the Complaint.

78. AWPAA is without knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 78.

79. AWPAA is without knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 79.

80. AWPAA is without knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 80.

81. AWPAA denies the allegations in Paragraph 81 of the Complaint.

82. AWPAA denies the allegations in Paragraph 82 of the Complaint.

83. AWPAA denies the allegations in Paragraph 83 of the Complaint.

## GENERAL DENIAL

84. All averments in the Complaint not specifically admitted or denied above are hereby specifically denied. Defendant also denies that Plaintiff is entitled to the relief he seeks.

## AFFIRMATIVE DEFENSES

85. Plaintiff's Complaint fails to state a claim upon which relief can be granted.

## RESERVATION OF RIGHT TO AMEND ANSWER

86. Defendant hereby gives notice that it intends to rely on such other and further defenses as may become available during discovery in this action and reserves the right to amend its Answer to assert such defenses.

**PRAYER FOR RELIEF**

**WHEREFORE**, Defendant AWPAA respectfully requests that the Court:

A. Dismiss Plaintiff's Complaint with prejudice and enter judgment in AWPAA's favor;

B. Award AWPAA its reasonable costs and fees, including attorneys' fees; and

C. Grant AWPAA such other and further relief as the Court deems just and proper.

Dated: April 17, 2023

                                                Respectfully submitted,

                                                Mikhail Shah, Esq., # 5214747
                                                MESSNER REEVES LLP
                                                88 Pine Street, Suite 2450
                                                New York, New York 10005
                                                Telephone: (646) 663-1860
                                                Email: mshah@messner.com

                                                ***Attorneys for Defendant***
                                                ***Army West Point Athletic Association***

## **CERTIFICATE OF SERVICE**

  I hereby certify that on this 17th day of April, 2023, the foregoing **DEFENDANT'S ANSWER TO COMPLAINT AND AFFIRMATIVE DEFENSES** was filed and served on all parties and other interested persons electronically.


                */s/ Samantha Armstrong*
                Samantha Armstrong