UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

DANIEL LIBIT,

                Plaintiff,

-v-

UNITED STATES MILITARY ACADEMY and
ARMY WEST POINT ATHLETIC ASSOCIATION,

                Defendants.

No. 23 Civ. 00845 (KMK)

**ANSWER**

---

Defendant United States Military Academy (the "Academy"), by its attorney, Damian Williams, United States Attorney for the Southern District of New York, hereby answers the Complaint (ECF No. 1, "Complaint") of Daniel Libit ("Plaintiff") upon information and belief as follows:

1. The first sentence of Paragraph 1 of the Complaint contains Plaintiff's characterization of this action, to which no response is required. The second sentence of Paragraph 1 contains Plaintiff's prayer for relief, to which no response is required. To the extent a response is required, denies that Plaintiff is entitled to the relief he seeks or any relief.

2. Admits that the Academy is a training institution within the United States Department of the Army ("Army") and that the Army West Point Athletic Association ("AWPAA") is a non-profit organization that supports the athletic programs of the Academy. Denies the remaining allegations in Paragraph 2 of the Complaint.

3. Denies the allegations in Paragraph 3 of the Complaint.

4. Admits the allegations in the first sentence of Paragraph 4 of the Complaint. Admits that the Academy is a component of the Army and receives federal funding. Denies the remaining allegations in the second sentence of Paragraph 4, and avers that the Academy's mission

is "to educate, train, and inspire the Corps of Cadets so that each graduate is a commissioned leader of character committed to the values of Duty, Honor, Country and prepared for a career of professional excellence and service to the Nation as an officer in the United States Army."

5. The allegations in Paragraph 5 of the Complaint constitute characterizations of a bill and statements by a Congressman, to which no response is required. The Academy respectfully refers the Court to the bill and the cited statements for a full and accurate statement of their contents and denies any allegations inconsistent therewith.

6. Admits that the Academy is an institution within the Army that receives federal funding. The remaining allegations in Paragraph 6 of the Complaint constitute legal conclusions, to which no response is required.

7. Denies the allegations in Paragraph 7 of the Complaint.

8. Denies knowledge or information sufficient to form a belief as to the truth of the allegations with regard to AWPAA's position on whether it is subject to FOIA. Denies the remaining allegations in Paragraph 8 of the Complaint.

9. Denies the allegations in Paragraph 9 of the Complaint.

10. Admits that Plaintiff submitted FOIA requests to the Academy. Denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations in the first sentence in Paragraph 10 of the Complaint. Denies the allegations in the second sentence in Paragraph 10 with regard to the Academy. Denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations in the second sentence in Paragraph 10 of the Complaint. The third sentence of Paragraph 10 of the Complaint contains Plaintiff's characterization of this action, to which no response is required.

11. Paragraph 11 of the Complaint contains legal conclusions, to which no response is required.

12. Paragraph 12 of the Complaint contains legal conclusions, to which no response is required.

13. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 13 of the Complaint.

14. Admits that the Academy is a component of the Army, which is a department within the United States Department of Defense. The allegations in the second sentence of paragraph 14 of the Complaint constitute legal conclusions, to which no response is required. The Academy avers that its searches for its records responsive to Plaintiff's FOIA requests to the Academy are ongoing.

15. Admits that AWPAA is a non-profit corporation under section 501(c)(3) of the Internal Revenue Code of 1986. Denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations in the first sentence of Paragraph 15 of the Complaint. Denies the allegations in the second sentence of Paragraph 15 of the Complaint. The allegations in the third sentence of paragraph 15 of the Complaint constitute legal conclusions, to which no response is required.

16. Admits that the Academy was founded in 1802. The remaining allegations of Paragraph 16 of the Complaint purport to characterize the history of Academy as discussed on its website. The Academy respectfully refers the Court to the cited webpage for a full and accurate statement of its contents and denies any allegations inconsistent therewith.

17. Admits that the Academy is an institution and that its mission is "to educate, train, and inspire the Corps of Cadets so that each graduate is a commissioned leader of character

committed to the values of Duty, Honor, Country and prepared for a career of professional excellence and service to the Nation as an officer in the United States Army." The use of the term "singular institution" in Paragraph 17 is vague and ambiguous and, on that basis, the Academy denies knowledge or information sufficient to form a belief as to the truth of the allegations with regard to that term.

18. Admits that the Academy is an institution that is supported by federal funding. Denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 18 of the Complaint.

19. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of Paragraph 19 of the Complaint on the grounds that the allegations are vague, ambiguous, and argumentative. To the extent that allegations in second sentence of Paragraph 19 purport to characterize the history of the Academy as provided on its website, the Academy respectfully refers the Court to the cited webpage for a full and accurate statement of its contents and denies any allegations inconsistent therewith.

20. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 20 of the Complaint with regard to the Academy on the grounds that the allegations are vague, ambiguous, and argumentative. Denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 20 of the Complaint.

21. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 21 of the Complaint on the grounds that the allegations are vague, ambiguous, and argumentative.

22. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 22 of the Complaint with regard to the Academy on the grounds that the

allegations are vague, ambiguous, and argumentative. Denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 22 of the Complaint.

23. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 23 of the Complaint with regard to the Academy on the grounds that the allegations are vague, ambiguous, and argumentative. Denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 23 of the Complaint.

24. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of Paragraph 24 of the Complaint. The remaining allegations of Paragraph 24 constitute characterizations of a statute, to which no response is required. The Court is respectfully referred to that statute for a true and complete statement of its contents.

25. The allegations in Paragraph 25 of the Complaint constitute characterizations of a statute, to which no response is required. The Court is respectfully referred to that statute for a true and complete statement of its contents.

26. Denies the allegations in the first sentence of Paragraph 26 of the Complaint. The remaining allegations in Paragraph 26 of the Complaint constitute characterizations of AWPAA's Certificate of Incorporation, to which no response is required. The Academy respectfully refers the Court to the cited certificate for a full and accurate statement of its contents and denies any allegations inconsistent therewith.

27. The allegations in Paragraph 27 of the Complaint constitute characterizations of AWPAA's bylaws and the Academy's mission statement, to which no response is required. The Academy respectfully refers the Court to the cited bylaws and mission statement for a full and accurate statement of their contents and denies any allegations inconsistent therewith.

28. The allegations in Paragraph 28 of the Complaint constitute characterizations of the 2015 and 2016 Annual Reports of the Academy's Board of Visitors, to which no response is required. The Academy respectfully refers the Court to the cited reports for a full and accurate statement of their contents and denies any allegations inconsistent therewith.

29. Denies the allegations in the first sentence of Paragraph 29 of the Complaint. The allegations in the second sentence of Paragraph 29 of the Complaint constitute characterizations of a statute, to which no response is required. The Academy respectfully refers the Court to the cited statute for a full and accurate statement of its contents and denies any allegations inconsistent therewith. Denies the remaining allegations in the second sentence of Paragraph 29 of the Complaint.

30. The allegations in Paragraph 30 of the Complaint constitute characterizations of a statute, to which no response is required. The Academy respectfully refers the Court to the cited statute for a full and accurate statement of its contents and denies any allegations inconsistent therewith.

31. The allegations of Paragraph 31 of the Complaint constitute legal conclusions with regard to 10 U.S.C. § 7462(g)(2), to which no response is required.

32. The allegations of Paragraph 32 of the Complaint constitute legal conclusions with regard to 10 U.S.C. §§ 7462(a)(2), (b)(2), to which no response is required.

33. The allegations of Paragraph 33 of the Complaint constitute legal conclusions with regard to 10 U.S.C. § 7462(a)(2), to which no response is required.

34. The allegations of Paragraph 34 of the Complaint constitute legal conclusions with regard to 10 U.S.C. §§ 7462(c)(3), (d)(2) to which no response is required.

35. The allegations in Paragraph 35 of the Complaint constitute characterizations of AWPAA's Application for Recognition of Exemption under Section 501(c)(3) of the Internal Revenue Code, to which no response is required. The Academy respectfully refers the Court to the cited application for a full and accurate statement of its contents and denies any allegations inconsistent therewith.

36. The allegations in Paragraph 36 of the Complaint constitute characterizations of a press release, to which no response is required. The Academy respectfully refers the Court to the cited press release for a full and accurate statement of its contents and denies any allegations inconsistent therewith.

37. Denies the allegations in Paragraph 37 of the Complaint.

38. Denies the allegations in Paragraph 38 of the Complaint.

39. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 39 of the Complaint.

40. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 40 of the Complaint.

41. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 41 of the Complaint.

42. Admits the allegations in Paragraph 42 of the Complaint.

43. The use of the terms "West Point email addresses and telephone numbers" in Paragraph 43 are vague and ambiguous and, on that basis, the Academy denies knowledge or information sufficient to form a belief as to the truth of the allegations with regard to those terms. The Academy respectfully refers the Court to the cited directories for a full and accurate statement of their contents and denies any allegations inconsistent therewith.

44. Denies the allegations in Paragraph 44 of the Complaint. To the extent the allegations in Paragraph 44 of the Complaint purport to characterize Army Regulation 150-1, the Academy respectfully refers the Court to the cited regulation for a full and accurate statement of its contents and denies any allegations inconsistent therewith.

45. Admits that the Academy is a member of the National Collegiate Athletic Association ("NCAA") and that its membership in the NCAA subjects the Academy to certain requirements. To the extent that the allegations in Paragraph 45 of the Complaint purport to characterize certain provisions in a manual, the Academy respectfully refers the Court to the cited manual for a full and accurate statement of its contents and denies any allegations inconsistent therewith.

46. Denies the allegations in Paragraph 46 of the Complaint.

47. The allegations in Paragraph 47 of the Complaint purport to characterize a media report, to which no response is required. The Academy respectfully refers the Court to the cited report for a full and accurate statement of its contents and denies any allegations inconsistent therewith.

48. The allegations in Paragraph 48 of the Complaint purport to characterize statements made by Secretary of the Army John McHugh, to which no response is required. The Academy respectfully refers the Court to the cited statements for a full and accurate statement of their contents and denies any allegations inconsistent therewith.

49. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 49 of the Complaint.

50. Admits that Plaintiff submitted a FOIA request to the Academy on February 23, 2022 ("February 2022 Academy FOIA Request"). The remaining allegations of Paragraph 50 of

the Complaint are a characterization of the February 2022 Academy FOIA Request, to which no response is required. The Academy respectfully refers the Court to the February 2022 Academy FOIA Request for a complete and accurate statement of its contents and denies any allegations inconsistent therewith.

51. Admits that Academy FOIA Officer James Bradbury responded to Plaintiff's February 2022 Academy FOIA Request by email on February 24, 2023. The remaining allegations of Paragraph 51 of the Complaint are a characterization of the cited email, to which no response is required. The Academy respectfully refers the Court to the cited email for a complete and accurate statement of its contents and denies any allegations inconsistent therewith. To the extent that the allegations in Paragraph 51 purport to characterize the cooperative agreement between the Academy and AWPAA, the Academy respectfully refers the Court to the cited cooperative agreement for a complete and accurate statement of its contents and denies any allegations inconsistent therewith.

52. Admits that Plaintiff responded Academy FOIA Officer James Bradbury by email on February 24, 2022. The remaining allegations of Paragraph 52 of the Complaint are a characterization of the cited email, to which no response is required. The Academy respectfully refers the Court to the cited email for a complete and accurate statement of its contents and denies any allegations inconsistent therewith.

53. Admits that Academy FOIA Officer James Bradbury responded to Plaintiff by email on February 24, 2022. The remaining allegations of Paragraph 53 of the Complaint are a characterization of the cited email, to which no response is required. The Academy respectfully refers the Court to the cited email for a complete and accurate statement of its contents and denies any allegations inconsistent therewith.

54. Admits that Plaintiff and Academy FOIA Officer James Bradbury engaged in additional email correspondence on February 24, 2022.  The remaining allegations of Paragraph 54 of the Complaint are a characterization of that email correspondence, to which no response is required.  The Academy respectfully refers the Court to the cited email correspondence for a complete and accurate statement of its contents and denies any allegations inconsistent therewith.

55. Denies that Wen-Kang Chang is the Senior Associate Athletics Director and Chief Financial Officer of Athletics of the Academy, and avers that Wen-Kang Chang is the Senior Associate Athletics Director and Chief Financial Officer of Athletics of the AWPAA.  Denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 55 of the Complaint.

56. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 56 of the Complaint.

57. Admits that on March 22, 2022, Plaintiff and Sportico filed an appeal of the Academy's response to Plaintiff's February 2022 FOIA Request ("March 2022 Academy FOIA Appeal").  To the extent that the allegations of Paragraph 57 of the Complaint purport to characterize the March 2022 Academy FOIA Appeal, the Academy respectfully refers the Court to that appeal for a full and accurate statement of its contents and denies any allegations inconsistent therewith.  Denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 57 of the Complaint.

58. Denies the allegations in Paragraph 58 of the Complaint, and avers that the Academy's FOIA Office responded to the March 2022 Academy FOIA Appeal by email on March 23, 2022.  To the extent that the allegations of Paragraph 58 of the Complaint purport to characterize the cited email, the Academy respectfully refers the Court to that email for a full and

accurate statement of its contents and denies any allegations inconsistent therewith.

59. Admits that Plaintiff and Sportico made a request with regard to the March 2022 Academy FOIA Appeal by email and that Academy FOIA Officer James Bradbury responded to that request by email. To the extent that the allegations of Paragraph 59 of the Complaint purport to characterize the cited email correspondence, the Academy respectfully refers the Court to that email correspondence for a full and accurate statement of its contents and denies any allegations inconsistent therewith.

60. Admits that the Academy, the Army, and Academy FOIA Officer James Bradbury have not engaged in further correspondence with Plaintiff and Sportico with regard to the March 2022 Academy FOIA Appeal.

61. Admits that Plaintiff submitted two FOIA requests on August 1, 2022, one to the Academy (the "August 2022 Academy FOIA Request") and one to the AWPAA (the "August 2022 AWPAA FOIA Request") (collectively, the "August 2022 FOIA Requests"). The remaining allegations of Paragraph 61 of the Complaint are a characterization of the August 2022 FOIA Requests, to which no response is required. The Academy respectfully refers the Court to the August 2022 FOIA Requests for a complete and accurate statement of their contents and denies any allegations inconsistent therewith.

62. Admits the allegations in Paragraph 62 of the Complaint.

63. Admits that Academy FOIA Officer James Bradbury responded to Plaintiff's August 2022 Academy FOIA Request by email on August 1, 2022. To the extent that the allegations of Paragraph 63 of the Complaint purport to characterize the cited email, the Academy respectfully refers the Court to that email for a full and accurate statement of its contents and denies any allegations inconsistent therewith.

64. Admits that on August 4, 2022, Wen-Kang Chang responded to Plaintiff's August 2022 AWPAA FOIA Request by email. To the extent that the allegations of Paragraph 64 of the Complaint purport to characterize the cited email, the Academy respectfully refers the Court to that email for a full and accurate statement of its contents and denies any allegations inconsistent therewith.

65. Admits that Plaintiff submitted a FOIA request to the Academy on October 7, 2022 ("October 2022 Academy FOIA Request"). The remaining allegations of Paragraph 65 of the Complaint constitute a characterization of the October 2022 Academy FOIA Request, to which no response is required. The Academy respectfully refers the Court to the October 2022 Academy FOIA Request for a complete and accurate statement of its contents and denies any allegations inconsistent therewith.

66. Admits that on October 27, 2022, Academy FOIA Officer James Bradbury sent an email to Plaintiff with regard to Plaintiff's August 2022 Academy FOIA Request. To the extent that the allegations of Paragraph 66 of the Complaint purport to characterize the cited email, the Academy respectfully refers the Court to that email for a full and accurate statement of its contents and denies any allegations inconsistent therewith.

67. Admits that on October 27, 2022, Plaintiff, through counsel, submitted a letter to the Academy and AWPAA though which he filed an appeal of the Academy's response to the August 2022 Academy FOIA Request (the "October 2022 Academy Appeal") and an appeal of AWPAA's response to the August 2022 AWPAA FOIA Request (the "August 2022 AWPAA Appeal"). To the extent that the allegations of Paragraph 67 of the Complaint purport to characterize the cited letter, the Academy respectfully refers the Court to that letter for a full and accurate statement of its contents and denies any allegations inconsistent therewith.

68. The allegations in Paragraph 68 of the Complaint contain a characterization of the letter cited in Paragraph 67 of the Complaint, to which no response is required. The Academy respectfully refers the Court to that letter for a full and accurate statement of its contents and denies any allegations inconsistent therewith.

69. Admits that the Academy has not responded to the October 2022 Academy Appeal. Admits the allegations in the second sentence of Paragraph 69 of the Complaint with regard to the Academy. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in the second sentence of Paragraph 69 with regard to AWPAA.

70. Admits that on November 15, 2022, Academy FOIA Officer James Bradbury responded to Plaintiff's October 2022 Academy FOIA Request by email. To the extent that the allegations of Paragraph 70 of the Complaint purport to characterize the cited email, the Academy respectfully refers the Court to that email for a full and accurate statement of its contents and denies any allegations inconsistent therewith.

71. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 71 of the Complaint.

72. Denies that Abigail Howard is the Senior Associate Athletics Director and Corporate Counsel of the Academy, and avers that Abigail Howard is the Senior Associate Athletics Director and Corporate Counsel of the AWPAA. Denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 72 of the Complaint.

73. Admits that on December 5, 2022, Plaintiff, through counsel, submitted a letter to the Academy and AWPAA though which he filed an appeal of the Academy's response to Plaintiff's October 2022 FOIA Request by email (the "December 2022 Academy Appeal"). To

the extent that the allegations of Paragraph 73 of the Complaint purport to characterize the cited letter, the Academy respectfully refers the Court to that letter for a full and accurate statement of its contents and denies any allegations inconsistent therewith.

74. Admits that on December 5, 2022, Academy FOIA Officer James Bradbury responded to Plaintiff's December 2022 Academy Appeal by email. To the extent that the allegations of Paragraph 74 of the Complaint purport to characterize the cited email, the Academy respectfully refers the Court to that email for a full and accurate statement of its contents and denies any allegations inconsistent therewith.

75. Admits that neither Academy FOIA Officer James Bradbury nor any other individual acting on behalf of the Army or the Academy has responded further to Plaintiff's December 2022 Academy Appeal and that more than 20 days have passed since Plaintiff's submission of that appeal. Denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 75 of the Complaint.

76. The allegations in the first sentence of paragraph 76 of the Complaint constitute legal conclusions, to which no response is required. The second sentence of Paragraph 76 contains Plaintiff's characterization of Plaintiff's action, to which no response is required.

77. The Academy repeats, re-alleges, and re-incorporates the responses in the foregoing paragraphs as though fully set forth herein.

78. The allegations contained in Paragraph 78 of the Complaint contains legal conclusions, to which no response is required.

79. The allegations contained in Paragraph 79 of the Complaint contains legal conclusions, to which no response is required.

80. The allegations contained in Paragraph 80 of the Complaint contains legal

conclusions, to which no response is required. The Academy denies that it has violated FOIA.

81. The allegations contained in Paragraph 81 of the Complaint contains legal conclusions, to which no response is required.

82. The allegations contained in Paragraph 82 of the Complaint contains legal conclusions, to which no response is required.

83. The allegations contained in Paragraph 83 of the Complaint contains legal conclusions, to which no response is required.

The remaining allegations in the Complaint, beginning with "WHEREFORE," consist of Plaintiff's demand for relief, to which no response is required. To the extent a response is deemed required, denies that Plaintiff is entitled to the requested relief or to any relief.

## DEFENSES

## FIRST DEFENSE

The complaint fails to state a claim upon which relief can be granted.

## SECOND DEFENSE

Some or all of the requested records are records protected from disclosure by any applicable FOIA exemptions or exclusions. *See* 5 U.S.C. § 552(b).

## THIRD DEFENSE

The Court lacks subject matter jurisdiction to the extent Plaintiff's request for relief exceeds the relief authorized under FOIA.

## FOURTH DEFENSE

Plaintiff is not entitled to declaratory relief. *See* 5 U.S.C. § 552(a)(4)(B).

**FIFTH DEFENSE**

To the extent Plaintiff seeks expedited processing of his FOIA request, he is not entitled to such expedited processing. *See* 5 U.S.C. § 552(a)(6)(E).

The Academy may have additional defenses that are not known at this time but may become known. Accordingly, the Academy reserves the right to assert each and every affirmative or other defense that may be available, including any defenses available pursuant to Rules 8 and 12 of the Federal Rules of Civil Procedure.

WHEREFORE the Academy respectfully requests that the Court: (1) dismiss the Complaint with prejudice; (2) enter judgment in favor of the Academy; and (3) grant such further relief as the Court deems just and proper.

Dated:   April 17, 2023
         New York, New York

                                    Respectfully submitted,

                                    DAMIAN WILLIAMS
                                    United States Attorney for the
                                    Southern District of New York

                          By:       /s/ *Elizabeth J. Kim*
                                    ELIZABETH J. KIM
                                    Assistant United States Attorney
                                    86 Chambers Street, 3rd Floor
                                    New York, New York 10007
                                    Tel.: (212) 637-2745
                                    Email: Elizabeth.Kim@usdoj.gov